[Cite as *Spearman v. Spearman*, 2016-Ohio-11.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| JAMIE L. SPEARMAN | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 15CA10 |
| PHILLIP S. SPEARMAN | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil appeal from the Knox County Court of
Common Pleas, Domestic Relations
Division, Case No. 14DC01-0014

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      January 4, 2016

APPEARANCES:

For Plaintiff-Appellee               For Defendant-Appellant

JAMES GILES                          PHILLIP LEHMKUHL
109 East High Street                 101 North Mulberry Street
Mount Vernon, OH 43050               Mount Vernon, OH  43050

*Gwin, P.J.*

{¶1}   Appellant appeals the April 21, 2015 judgment entry of the Knox County Court of Common Pleas, Domestic Division, overruling his objections to the February 10, 2015, Magistrate's Decision.

### *Facts & Procedural History*

{¶2}   Appellant Phillip Spearman ("Husband") and appellee Jamie Spearman ("Wife") were married on April 16, 1988.  On January 15, 2014, Wife filed a complaint for divorce.  The parties have three children.  At the time of the final hearing, the two older children had reached the age of majority.

{¶3}   A trial was held on October 16, 2014.  Husband testified that he wants to keep the martial residence and will assume the approximately $67,695 mortgage remaining on the residence.  Husband is in good health and worked full-time during the marriage at UPS.  Husband agreed that Wife did not have to work during the marriage unless she wanted to.  Husband testified that he borrowed $30,000 from his father in January of 2014 to pay down credit cards and get out of debt.  Husband has not been able to pay his father the $500 monthly payment on this debt.  Husband stated that his father will not take collection action against him even though Husband has not made the monthly payments.  Husband did not discuss borrowing this money with Wife as it was done after the left the marital residence.

{¶4}   Husband testified that, since January 15, 2014, his monthly bills consistently exceed his income.  Husband asserted that while he has to pay 75% of the martial debt, Wife only has to pay 25% of the martial debt.  Husband stated his monthly budget is $3,421.10 per month, but his income is only $2,081.45 per month.  This $2,081.45 figure

has health insurance and 401(k) deductions taken out; however, Husband included health insurance and 401(k) expenses in his monthly budget expenses. Husband stated that he cannot pay spousal support because he does not have the money.

{¶5} Wife testified that she is in good health. She is a high school graduate who is currently working at a travel management company. During the marriage, she worked part-time around the children's schedules. At the time of the trial, she lived with her parents, but had plans to move out and establish a home separate from her parents. Wife testified to her monthly expenses, including rent, utilities, food, transportation, clothing, child-related expenses, and insurance premiums. Wife stated her monthly budget would be $2,858. Wife's budget included expenses from the parties' minor child who resides primarily with her, but did not include the monthly payments required to service the debt she was ordered to pay. Wife testified that she did not know about the loan from Husband's father until after the divorce was filed.

{¶6} The magistrate issued a decision on February 10, 2015. The magistrate found that each party had net assets of $4,464. Wife was assigned liabilities totaling $14,657 and Husband $101,174. Husband's liabilities included $67,695 on the martial residence that Husband sought to keep, a $6,989 property settlement to Wife, $6,840 in credit card debt, and $14,000 owed to his father. Wife's liabilities of $14,657 included a credit card debt of $10,690 and payments on a loan used to purchase a vehicle for the parties' child.

{¶7} With regards to spousal support, the magistrate completed a detailed analysis of each factor of R.C. 3105.18. The magistrate found the income of the parties to be: $24,960 annually for Wife and $47,090.20 annually for Husband. As to the parties'

earning abilities, the magistrate found that Husband is earning twice as much as Wife, as Wife's earning ability is $25,000 annually and Husband's earning ability is $47,000 annually. Both parties are in good health. Husband has a 401(k) retirement plan that will be equally divided among the parties. The parties were married for twenty-six (26) years. With regards to the parties' standard of living, the magistrate found that the parties lived marginally and had a modest standard of living. Wife is a high school graduate and the magistrate stated that no evidence was presented as to Husband's education. As to assets and liabilities, the magistrate found that each party received total assets of $4,464. Further, that Husband is to pay child support of $443.19 per month. The magistrate stated that spousal support would be tax deductible to Husband would be income to Wife.

{¶8} The magistrate found that Wife has an estimated budget of $2,858 per month. Further, that Husband's estimated monthly living expenses of $3,421 per month included a $500 monthly payment to his father; however, Husband testified that he is not currently paying this debt. Accordingly, the magistrate found that Husband's appropriate and reasonable budget per month is $2,900, including child support, which will end in June of 2016 when his monthly living expenses will be reduced. The magistrate also noted that Husband reduced his debt by $7,553 during the pendency of the divorce case. The magistrate found that factors (f), (j), (k), and (m) were not applicable to this case. Based upon the analysis of factors contained in R.C. 3105.18, the magistrate found spousal support to be reasonable and appropriate.

{¶9} Husband filed objections to the magistrate's decision, arguing that his income is insufficient to pay spousal support.

{¶10} The trial court issued a judgment entry on April 21, 2015. The trial court found that the magistrate properly considered all the statutory factors with regards to spousal support. The trial court stated that especially significant is the length of the marriage and the fact that Husband's income is nearly twice that of Wife. The trial court found that the parties have similar monthly living expenses. Further, that Husband's taxable income will be reduced by the payment of spousal support, so his take home pay will increase. The trial court overruled Husband's objections to the magistrate's decision and affirmed the award of spousal support of $400 per month until Wife remarries, cohabitates with an unrelated adult male, or is earning approximately $40,000 or more annually, whichever occurs first.

{¶11} Husband appeals the April 21, 2015 judgment entry and assigns the following as error:

{¶12} "I. THE TRIAL COURT ERRED BY REQUIRING APPELLANT TO PAY SPOUSAL SUPPORT TO APPELLEE WHEN IT IS FINANCIALLY IMPOSSIBLE FOR HIM TO DO SO, GIVEN HIS DEBT OBLIGATIONS, AND HIS REASONABLE LIVING EXPENSES."

I.

{¶13} In his assignment of error, Husband argues that the trial court abused its discretion in awarding spousal support in an amount which will cause his monthly expenses to exceed his income. Husband contends the trial court erred when it imposed a financial obligation upon Husband when he cannot afford to pay it. We disagree.

{¶14} A trial court's decision concerning spousal support may be altered only if it constitutes an abuse of discretion. *Kunkle v. Kunkle*, 51 Ohio St.3d 64, 554 N.E.2d 83

(1990). An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). R.C. 3105.18(C)(1) provides that a trial court may award spousal support when it is "appropriate and reasonable." R.C. 3105.18(C)(1) sets forth the factors a trial court must consider in determining whether spousal support is appropriate and reasonable and in determining the nature, amount, terms of payment, and duration of spousal support.

{¶15} These factors include: (a) income of the parties, from all sources * * *; (b) the relative earning abilities of the parties; (c) the ages and the physical, mental, and emotional conditions of the parties; (d) the retirement benefits of the parties; (e) the duration of the marriage; (f) the extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home; (g) the standard of living of the parties established during the marriage; (h) the relative extent of education of the parties; (i) the relative assets and liabilities of the parties; (j) the contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party; (k) the time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience * * *; (l) the tax consequences, for each party, of an award of spousal support; (m) the lost income production capacity of either party that resulted from that party's marital responsibilities; and (n) any other factor that the court expressly finds to be relevant and equitable.

**{¶16}** Trial courts must consider all the factors listed in R.C. 3105.18(C). We have previously held that a trial court need not acknowledge all evidence relative to each and every factor listed in R.C. 3105.18(C) and we may not assume that the evidence was not considered. *Hutta v. Hutta*, 177 Ohio App.3d 414, 2008-Ohio-3756, 894 N.E.2d 1282 (5th Dist.). The trial court need only set forth sufficient detail to enable a reviewing court to determine the appropriateness of the award. *Id,* citing *Kaechele v. Kaechele*, 35 Ohio St.3d 93, 518 N.E.2d 1197 (1988).

**{¶17}** In its judgment entry, the magistrate specifically cited and analyzed all the relevant factors of R.C. 3105.18 in determining that spousal support is appropriate and reasonable. Further, in the trial court's judgment entry overruling Husband's objections, the trial court found that all the statutory factors were appropriately considered by the magistrate.

**{¶18}** Husband argues that since he cannot afford to pay spousal support and that if he has to pay spousal support his monthly cash flow will be a deficit, the trial court abused its discretion in awarding spousal support. However, simply because spousal support creates a negative cash flow for one of the parties does not necessarily lead to a finding of an abuse of discretion. *Compton v. Compton*, 5th Dist. Stark No. 2014CA00207, 2015-Ohio-4327; *Taylor v. Taylor*, 5th Dist. Stark No. 2013CA00130, 2013-Ohio-4958.

**{¶19}** In this case, we find no abuse of discretion in the magistrate and trial court's decision regarding spousal support and our review of the record reveals the presence of credible evidence supporting the trial court's determinations.

{¶20} The parties were married for twenty-six years. Husband's income is nearly twice that of Wife's. The parties have similar monthly living expenses. Wife testified to her monthly expenses of $2,858 per month. Though Husband argued that his expenses were $3,421 per month, the magistrate found Husband's expenses per month to be $2,900, including child support. This determination is supported by competent and credible evidence, as Husband testified that he is not currently paying a $500 per month debt to his father and that his father would not move to collect on the debt. Additionally, Husband's child support obligation will end in June of 2016 which will reduce Husband's monthly living expenses. The magistrate and trial court further noted that Husband's taxable income will be reduced by the payment of spousal support and thus his take home pay will increase.

{¶21} While Husband contends that he cannot afford spousal support because his proportion of debt is larger than Wife's, the magistrate divided the assets and liabilities such that an equal award of net assets were awarded to each party ($4,464). Further, Husband's share of the debt was larger than Wife's because it included the approximately $68,000 mortgage on the martial home which Husband retained and a debt owed to his father that Husband is not currently paying. Husband testified at the hearing that he desired to retain the marital home despite the mortgage obligation and payment to Wife for 50% of the equity in the marital home. Further, that he was not paying the debt owed to his father.

{¶22} Based upon the record before us, we find the amount of spousal support ordered is not an abuse of discretion. Husband's assignment of error is overruled.

{¶23} The April 21, 2015 judgment entry of the Knox County Common Pleas Court, Domestic Relations Division, is affirmed.


By Gwin, P.J.,

Farmer, J., and

Wise, J., concur