[Cite as *State v. Wolke*, 2018-Ohio-2119.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 17CA1048 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| NICHOLAS WOLKE, | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 05/25/18** |

_____
APPEARANCES:

Nicholas Wolke, Chillicothe, Ohio, Appellant Pro Se.

C. David Kelley, Adams County Prosecuting Attorney, and Jonathan Coughlan, Adams County Assistant Prosecuting Attorney, West Union, Ohio, for Appellee.

_____

McFarland, J.

{¶1} Nicholas Wolke appeals the judgment entry of the Court of Common Pleas, Adams County, dated July 13, 2017, which denied his "Verified Motion to Correct Sentence." On appeal, Appellant asserts the trial court erred and abused its discretion by denying his motion without holding a hearing and without "any real review." However, upon our own review, we find no merit to Appellant's arguments. Accordingly, we overrule Appellant's sole assignment of error and affirm the judgment of the trial court.

FACTS AND PROCEDURAL HISTORY

{¶2} We recount the facts and procedural history as set forth in Appellant's previous appeal to this court in *State v. Wolke,* 4th Dist. Adams No. 15CA1008, 2016-Ohio-1134 ("*Wolke I*"). In 2008, Appellant pleaded guilty to two counts of murder of his estranged girlfriend and her adult son. Appellant was sentenced to 15 years to life in prison on each count, to be served consecutively, and he was ordered to pay the costs of prosecution. Appellant did not file a direct appeal of right following his conviction and sentence. *Id.* at ¶ 2.

{¶3} In 2015, Appellant filed a pro se motion seeking a resentencing on the grounds that his original sentence was void because the trial court did not inform him at sentencing that the failure to pay the costs of prosecution could result in court-ordered community service pursuant to R.C. 2947.23(A)(1)(a). On May 18, 2015, the trial court overruled the motion but did not give any reasons in support of its denial. Appellant timely appealed. *Id.* at ¶ 3.

{¶4} In Appellant's first assignment of error in *Wolke I*, he contended that the trial court erred by denying his motion for resentencing because at his 2008 sentencing hearing, the court failed to notify him of the possible penalty for failing to pay the costs of prosecution, specifically that he could

be required to perform community service if he failed to pay the costs. *Id.* at

¶ 5.  In his second assignment of error, Appellant contended that he received

the ineffective assistance of counsel because his trial counsel failed to object

to the imposition of costs and to object to the trial court's failure to give the

necessary community service notification. *Id.* at ¶ 10.  We construed

Appellant's motion for resentencing as an untimely petition for post-

conviction relief.

{¶5} In *Wolke I,* this court concluded that the trial court's failure to

alert Appellant of the possibility of community service did not render the

sentencing judgment void.  We held that the arguments Appellant raised in

his motion for resentencing and the appeal could have been raised in a direct

appeal of his 2008 conviction and sentence.  Because Appellant failed to

pursue a direct appeal and because the alleged errors did not render the

sentencing judgment void, we found that Appellant was precluded from

raising them under application of the doctrine of res judicata.  We concluded

that the trial court did not abuse its discretion when it denied Appellant's

motion for resentencing and we affirmed the trial court's judgment. *Id.* at

¶ 12.

## ASSIGNMENT OF ERROR

"I. THE SENTENCING COURT ERRED AND ABUSED ITS
DISCRETION WHEN IT DENIED DEFENDANT'S

PROPERLY FILED VERIFIED MOTION TO CORRECT SENTENCE ALLEGING SENTENCING ERRORS WITHOUT ANY REAL REVIEW OR EVEN HOLDING A HEARING; BY INCORRECTLY RULING THAT THE ORIGINAL SENTENCE IMPOSED WAS NOT CONTRARY TO LAW AND FURTHER INCORPORATING THE STATE'S FLAWED ARGUMENT THAT THESE ERRORS CAN ONLY BE RAISED ON DIRECT APPEAL AND ARE BARRED FROM REVIEW UNDER PRINCIPLES OF RES JUDICATA."

## STANDARD OF REVIEW

{¶6} When reviewing felony sentences, we apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Brerecz,* 4th Dist. Washington No. 16CA15, 2016-Ohio-266, ¶ 11; *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶ 22.  Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence or may vacate the sentence and remand the matter to the sentencing court if it clearly and convincingly finds either "[t]hat the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or "[t]hat the sentence is otherwise contrary to law." *Berecz, supra*; *see State v. Mullins,* 4th Dist. Scioto No. 15CA3716, 2016–Ohio–5486, ¶ 25.

LEGAL ANALYSIS

**{¶7}** In Appellant's Verified Motion to Correct Sentence, and in the current appeal, he argues that his mandatory and consecutive sentences, and the judgment entry of sentencing, are statutorily and constitutionally flawed and contrary to law. As such, he contends his sentences are void and review of the sentences is not barred by the doctrine of res judicata. Appellant seeks a hearing to impose a non-mandatory concurrent sentence which would leave him eligible for judicial release, for participation in certain rehabilitative programs, and for the ability to receive earned credit for programs completed in prison. This court was presented with very similar arguments in *State v. Berecz, supra, State v. Hamilton,* 4th Dist. Hocking No. 16CA17, 2017-Ohio-1294, and *State v. Craft,* 4th Dist. Vinton No. 16CA704, 2017-Ohio-9359.

**{¶8}** In response, the State of Ohio contends that Appellant's motion should be construed as an untimely petition for post-conviction relief. The State points out that Appellant had the opportunity to raise these issues in a direct appeal and failed to do so. The State concludes that the doctrine of res judicata applies in this case and Appellant's arguments herein should be barred.

{¶9} The reasoning of our prior decisions in *Berecz, Hamilton,* and *Craft* is equally applicable herein.  We will begin by addressing Appellant's non-constitutional claims.

1.  Non-constitutional claims.

{¶10} In the verified motion to correct sentence, Appellant specifically contends in 2008, at his sentencing hearing, the trial court did not offer statutory findings, such as reasons to impose a mandatory term of imprisonment pursuant to R.C. 2929.13(F), and did not make specific findings required for consecutive sentences pursuant to former R.C. 2929.14(E)(4), now R.C. 2929.14(C) (4).[1]  Appellant also contends he was not informed of his appellate rights.  Appellant argues in addition to not making the required statutory findings at his sentencing hearing, neither were these findings nor the notification of appellate rights incorporated into the judgment entry of sentence.  In *Hamilton, supra,* at ¶ 11, we explained:

---

[1] Former R.C. 2929.14(E)(4) required findings identical to the current R.C. 2929.14(C)(4) for consecutive sentences but was held unconstitutional in *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470.  In 2009, the reasoning in *Foster* was partially called into question by *Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711 (2009), where the United States Supreme Court held that a state could require judicial findings of fact to impose consecutive rather than concurrent sentences without infringing on a defendant's Sixth Amendment rights. In 2010, the Ohio Supreme Court determined that *Foster* remained valid after *Ice* and the judiciary was not required to make findings of fact prior to imposing maximum or consecutive sentences in *State v. Hodge,* 128 Ohio St.3d 1, 941 N.E.2d 768, 2010–Ohio–6320. However, in 2011 Am.Sub. H.B. No. 86, which became effective on September 30, 2011, revived the language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4).  The Ohio Supreme Court held because the General Assembly had expressed its intent to revive some of the language severed by the court in *Foster,* the decision in *Hodge* was no longer controlling and judges were therefore required to adhere to R.C. 2929.14(C)(4)  in imposing consecutive sentences and to make the required findings. Thus, *Hodge* was superseded by statute in *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659.

" 'Under the doctrine of res judicata, a final judgment of
conviction bars a convicted defendant who was represented by
counsel from raising and litigating in any proceeding except an
appeal from that judgment, any defense or claimed lack of due
process that was raised or could have been raised by the
defendant at the trial, * * * or on appeal from that judgment.'
*State v. Szefcyk,* 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996),
quoting *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104
(1967), paragraph nine of the syllabus; see also *State v. Davis,*
139 Ohio St.3d 122, 2014–Ohio–1615, 9 N.E.3d 1031, ¶ 28.
'Res judicata does not, however, apply only to direct appeals,
but to all postconviction proceedings in which an issue was or
could have been raised.' *State v. Heid,* 4th Dist. Scioto No.
15CA3710, 2016–Ohio–2756, ¶ 18, quoting *State v.
Montgomery,* 2013–Ohio–4193, 997 N.E.2d 579, ¶ 42 (8th
Dist.)."

**{¶11}** Appellant, as did the defendants in *Berecz, Hamilton,* and *Craft,*

has also claimed that res judicata does not bar the claims alleged because his

sentences are void and contrary to law.[2]  The Supreme Court of Ohio has at

times held that "a sentence that is not in accordance with statutorily

mandated terms is void," which "is not precluded from appellate review by

principles of res judicata, and may be reviewed at any time, on direct appeal

or by collateral attack." *Craft, supra,* at ¶ 9, quoting *State v. Fischer,* 128

Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 332, ¶ 8 and paragraph one of

the syllabus.  " 'In general, a void judgment is one that had been imposed by

a court that lacks subject-matter jurisdiction over the case or the authority to

---

[2] The defendants in *Berecz, Hamilton,* and *Craft,* unlike Appellant herein, pursued direct appeals to this court.

act.  Unlike a void judgment, a voidable judgment is one rendered by a court

that has both jurisdiction and authority to act, but the court's judgment is

invalid, irregular, or erroneous.' " *Id.* at ¶ 6; quoting *State v. Simpkins,* 117

Ohio St.3d 420, 2008–Ohio–1197, 884 N.E.2d 568, ¶ 12, superseded on

other grounds by statute as stated in *State v. Holdcroft,* 137 Ohio St.3d 526,

2013–Ohio–5014, 1 N.E.3d 382.

{¶12} We further noted in *Berecz* at ¶ 15:

> "In general, 'sentencing errors are not jurisdictional and do not
> render a judgment void.' *Simpkins, supra,* at ¶ 7. But the
> Supreme Court of Ohio has at times held that 'a sentence that is
> not in accordance with statutorily mandated terms is void,'
> which 'is not precluded from appellate review by principles of
> res judicata, and may be reviewed at any time, on direct appeal
> or by collateral attack.' *Id.* at *¶ 8*, and paragraph one of the
> syllabus."

{¶13} In *Berecz* at ¶ 16, we also cited *Holdcroft*, *supra,* at ¶ 8,

wherein the Supreme Court of Ohio emphasized that the language in *Fischer*

noting the inapplicability of res judicata, "does not apply to most sentencing

challenges" and instead applied "only in a limited class of cases—all three

cases to which we have applied the *Fischer* rule have in common the crucial

feature of a void sanction." (Emphasis added.)

{¶14} A review of the sentencing hearing transcript and the

judgment entry of sentence herein supports Appellant's contention that the

trial court did not make specific statutory findings prior to imposing the

mandatory and consecutive sentences.  In *Berecz,* we recognized that the

courts that have addressed these issues have held that a claim that a trial

court erred in imposing consecutive sentences is barred by res judicata when

it either was raised or could have been raised in a direct appeal. *Id.* at ¶ 18.

*See, e.g., State v. Wofford,* 5th Dist. Stark No.2016CA00087, 2016–Ohio–

4628, ¶ 21–23; *State v. Bowshier,* 2nd Dist. Clark No. 2015–CA–53, 2016–

Ohio–1416, ¶ 16.  The *Wofford* and *Bowshier* courts relied on the Tenth

District's decision in *State v. Chapin,* 10th Dist. Franklin No. 14AP–1003,

2015–Ohio–3013, at ¶ 9, wherein the court held:

> "We note that, in his motion for resentencing, appellant argued
> before the trial court that the sentencing court's failure to make
> the requisite findings under R.C. 2929.14(C)(4) rendered his
> sentence void. However, '[t]he Ohio Supreme Court has
> declined to find sentences void based on the court's failure to
> comply with certain sentencing statutes, including the
> consecutive sentencing statute.' *State v. Sanders,* 9th Dist. No.
> 27189, 2014–Ohio–5115, ¶ 5, citing *State v. Holdcroft,* 137
> Ohio St.3d 526, 2013–Ohio–5014, ¶ 8 (noting that challenges to
> a sentencing court's judgment as to whether sentences must be
> served concurrently or consecutively must be presented in a
> timely direct appeal). Thus, because the trial court's 'alleged
> failure to comply with the consecutive sentencing statute does
> not render [the] sentence void, res judicata applies.' *Id.* at ¶ 6."

**{¶15}** Similarly, this court has held that successful challenges to the

imposition of consecutive sentences do not render the sentence void and are

thus barred by res judicata. *Berecz* at ¶ 19. *See, e.g., State v. Pippen,* 4th

Dist. Scioto No. 16CA3727, 2016–Ohio–7105, ¶ 20; *State v. Butcher,* 4th

Dist. Meigs No. 14CA7, 2015–Ohio–4249, ¶ 27 ; and *In re A.M.,* 4th Dist.

Athens No. 14CA49, 2015–Ohio–5610, ¶ 13, quoting *Holdcroft* at ¶ 8.  In

*Berecz,* we held that because the appellant could have raised the statutory

sentencing claims in his prior direct appeal, res judicata operated to bar

them.  And, even if the claims had merit, we held that fact would only render

his sentence voidable rather than void.

{¶16} Appellant herein has directed our attention to the Ohio Supreme

Court's decision in *State v. Williams,* 2016-Ohio-7658.  There the Court held

that a trial court's imposition of separate sentences for offenses, which the

trial court concluded were allied offenses of similar import, violated R.C.

2941.25 and rendered the sentences void, and thus rendering them subject to

attack at any time without being barred by res judicata.  However, in *Berecz*

at ¶ 21, we explained: "* * * *Williams* does not purport to modify existing

precedent that applies *Holdcraft* to hold res judicata bars errors relating to

the trial court' s imposition of consecutive sentences that are not raised in a

timely appeal."

{¶17} Relying on our previous decisions in *Berecz, Hamilton,* and

*Craft,* we find Appellant could have raised his deficient statutory sentencing

claims in a prior appeal.  Because he did not do so, his claims are now

barred by principles of res judicata.  Even if his claims had been brought

earlier and were found to be meritorious, they would only render his sentence voidable not void.

{¶18} Appellant also contends he was not informed of his appellate rights. A review of the sentencing transcript reveals the trial court did advise Appellant in detail of his rights to appeal the court's decisions and the sentence. In the judgment entry of sentence, however, the only indications that Appellant was so advised is the reference that the defendant "was afforded all rights pursuant to Criminal Rule 32." The defendants in *Berecz, Hamilton,* and *Craft* also raised the same argument. In *Craft* we stated at ¶ 14:

> "Although R.C. 2953.08 confers on a defendant the right to appeal from the sentence, it contains no requirement that the court notify the defendant of that right. And any purported failure by the trial court in its notification obligations under Crim.R. 32 could not render his sentence void. *See, e.g., State v. Gannon*, 4th Dist. Lawrence No. 15CA16, 2016–Ohio–1007, ¶ 17 * * *; *Berecz* at ¶ 23; see also *State v. Barnes*, 12th Dist. Warren No. CA2014–03–049, 2015–Ohio–651, ¶ 27 * * *; *State v. Hamilton, supra,* at ¶ 18."

{¶19} In *Craft,* at ¶14, we held: "Our prior reasoning set forth in both *Berecz* and *Hamilton* lead us to the same conclusion here, which dictates that Appellant's claim related to the trial court's failure to advise him of his right to appeal his sentence is barred by res judicata." Similarly, we find although not set forth specifically in the judgment entry of sentencing,

Appellant was notified of his appellate rights. Even if this notification was somehow deficient, we find any purported failure to notify him does not render his sentence void. As in our prior decisions, we find Appellant's claim related to alleged failure to advise him of his appellate rights is barred by res judicata.

2. Constitutional claims.

{¶20} Appellant also makes the above arguments on constitutional grounds. Appellant contends that the trial court's failure to make the statutory findings relating to imposition of the mandatory and consecutive sentences, as well as the court's failure to notify him of his appellate rights, violated his 5th, 6th, and 14th amendment rights. In *Craft,* we pointed out at ¶ 15:

> " '[I]f a criminal defendant, subsequent to his or her direct appeal, files a motion seeking the vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, then such a motion is a petition for postconviction relief.' " *Berecz* at ¶ 25; quoting *State v. Reynolds,* 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997), syllabus. Thus, to the extent that Appellant's motion raised constitutional claims, it constituted an untimely petition for postconviction relief that the trial court could not address. R.C. 2953.23(A)(1) and (2); *Berecz* at ¶ 25; citing *State v. McDougald,* 4th Dist. Scioto No. 16CA3736, 2016–Ohio–5080, ¶ 22–23; see also *Hamilton, supra,* at ¶ 20. As a result, Appellant has not established that the trial court erred by not granting his motion to correct his sentence."

{¶21} Our prior reasoning in the aforementioned cases leads us to the

same conclusion as in those cases. Construing Appellant's verified motion to correct sentence as a motion for post-conviction relief, we find to the extent his motion raised constitutional claims, the motion is untimely. As such, the trial court could not address his constitutional claims.

3. Review and hearing.

{¶22} Appellant has argued the trial court failed to undertake "any real review" of his motion and failed to conduct a hearing. A trial court may dismiss a petition for post-conviction relief without holding an evidentiary hearing when the claims raised in the petition are barred by the doctrine of res judicata. *State v. Canada,* 10th Dist. Franklin No. 16AP-7, 2016-Ohio-5948, at ¶ 23. When a trial court dismisses a post-conviction relief petition without holding an evidentiary hearing, it must enter findings of fact and conclusions of law. R.C. 2953.21(C). *State v. Jackson*, 10th Dist. No. 03AP–1065, 2004–Ohio–6438, ¶ 11 citing *State v. Lester,* 41 Ohio St.2d. 51 (1975), paragraph two of the syllabus. Although not specifically captioned "Findings of Fact and Conclusions of Law," the trial court's entry denying Appellant's motion did contain the court's reasoning and conclusions. And, given that Appellant's claims are barred by res judicata, the court was not required to hold a hearing. Nothing in the record suggests to us that the trial court did not give Appellant's motion a meaningful review.

CONCLUSION

{¶23} After review of this record, we have determined Appellant was not entitled to the relief requested in his "Verified Motion to Correct Sentence." To the extent that Appellant raised non-constitutional claims, the trial court correctly denied the motion based upon principles of res judicata. To the extent that Appellant's motion raised constitutional claims, we have construed it to be a time-barred petition for post-conviction relief. Based on this court's precedent in *Craft* and our other prior decision, we find the trial court could not address the claims. Therefore, upon the authority of App. R. 12(A)(1)(a), we modify the judgment of the trial court to reflect dismissal of the "Verified Motion to Correct Sentence" insofar as it raised constitutional claims via an untimely petition for post-conviction relief. Accordingly, we affirm the judgment of the trial court, as modified.

**JUDGMENT AFFIRMED AS MODIFIED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED AS MODIFIED and that costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Abele, J.:  Concur in Judgment Only.

For the Court,


BY:  _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**