[Cite as *State v. Wolke*, 2019-Ohio-1481.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

STATE OF OHIO,                    :
                                  :      Case No. 18CA1071
         Plaintiff-Appellee,      :
                                  :
    vs.                           :      DECISION AND JUDGMENT
                                  :      ENTRY
NICHOLAS WOLKE,                   :
                                  :
         Defendant-Appellant.     :      **Released: 04/15/19**
_____

APPEARANCES:

Nicholas Wolke, Chillicothe, Ohio, Pro Se Appellant.

C. David Kelley, Adams County Prosecutor, and Michele L. Harris,
Assistant Adams County Prosecutor, West Union, Ohio, for Appellee.
_____

McFarland, J.

{¶1} Nicholas Wolke appeals the judgment entry of the Adams

County Court of Common Pleas, entered August 9, 2018, which denied his

Motion to Set Aside Judgment and Plea. In the first assignment of error,

Appellant asserts that the trial court erred by accepting his plea when he was

under the influence of drugs. In his second assignment of error, Appellant

also argues the trial court erred in sentencing him to post-release control.

Upon review, we find the argument under the first assignment of error is

barred by application of the doctrine of res judicata. However, Appellant's

second assignment of error has merit. Accordingly, we find that the trial court erred by imposing post-release control as part of Appellant's sentence. Therefore, we affirm, in part, the trial court's August 9, 2018 judgment entry. However, we also remand this matter and instruct the trial court to correct the December 19, 2008 Judgment Entry on sentencing in accordance with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

{¶2} We recount the facts and procedural history as set forth in Appellant's previous appeals to this court. In 2008, Appellant pleaded guilty to two counts of murder of his estranged girlfriend and her adult son. Appellant was sentenced to 15 years to life in prison on each count, to be served consecutively, and he was ordered to pay the costs of prosecution. Appellant did not file a direct appeal of right following his conviction and sentence.

{¶3} In 2015, Appellant filed a pro se motion seeking resentencing on the grounds that his original sentence was void because the trial court did not inform him at sentencing that the failure to pay the costs of prosecution could result in court-ordered community service pursuant to R.C. 2947.23(A)(1)(a). On May 18, 2015, the trial court overruled the motion but did not give any reasons in support of its denial. Appellant timely appealed.

{¶4} In Appellant's first assignment of error, he contended that the trial court erred by denying his motion for resentencing because at his 2008 sentencing hearing, the court failed to notify him of the possible penalty for failing to pay the costs of prosecution, specifically that he could be required to perform community service if he failed to pay the costs. In his second assignment of error, Appellant contended that he received the ineffective assistance of counsel because his trial counsel failed to object to the imposition of costs and to object to the trial court's failure to give the necessary community service notification. We construed Appellant's motion for resentencing as an untimely petition for post-conviction relief.

{¶5} Upon review of Appellant's petition, we concluded that the trial court's failure to alert Appellant of the possibility of community service did not render the sentencing judgment void. We held that the arguments Appellant raised in his motion for resentencing and the appeal could have been raised in a direct appeal of his 2008 conviction and sentence. Because Appellant failed to pursue a direct appeal and because the alleged errors did not render the sentencing judgment void, we found that Appellant was precluded from raising them under application of the doctrine of res judicata. We concluded that the trial court did not abuse its discretion when it denied Appellant's motion for resentencing and we affirmed the trial court's

judgment. *See State v. Wolke,* 4th Dist. Adams No. 15CA1008, 2016-Ohio-1134, at ¶ 12 (*"Wolke I"*).

{¶6} Appellant subsequently filed a "Verified Motion to Correct Sentence," which the court denied. Appellant timely appealed. Upon review, we determined Appellant was not entitled to the relief requested. To the extent that Appellant raised non-constitutional claims, the trial court correctly denied the motion based upon principles of res judicata. To the extent that Appellant's motion raised constitutional claims, we construed it to be a time-barred petition for post-conviction relief. Based on this court's precedent in *State v. Craft,* 4th Dist. Vinton No. 16CA704, 2017-Ohio-9359, and our other prior decision, we found the trial court could not address the claims.[1] Furthermore, upon the authority of App.R. 12(A)(1)(a), we modified the judgment of the trial court to reflect dismissal of the "Verified Motion to Correct Sentence" insofar as it raised constitutional claims via an untimely petition for post-conviction relief. We affirmed the judgment of the trial court, as modified. *State v. Wolke*, 4th Dist. Adams No. 17CA1048, 2018-Ohio-2119, (*"Wolke II"*), at ¶ 23.

---

[1] *See also State v. Berecz,* 4th Dist. Washington No. 16CA15, 2016-Ohio-11, at ¶ 21; *State v. Hamilton,* 4th Dist. Hocking No. 16CA17, 2017-Ohio-1294, at ¶ 20.

{¶7} On June 17, 2018, Appellant filed a Motion to Set Aside

Judgment and Plea.  On August 9, 2018, the trial court denied the motion.

This timely appeal followed.

### ASSIGNMENTS OF ERROR

"I. THE LOWER COURT COMMITTED PREJUDICIAL
ERROR IN ACCEPTING A TAINTED PLEA.

II. THE LOWER COURT COMMITTED PREJUDICIAL
ERROR IN CREATING ITS OWN SENTENCE."

### A. STANDARD OF REVIEW

{¶8} This Court has noted that "[c]ourts may recast irregular motions

into whatever category is necessary to identify and to establish the criteria

by which a motion should be judged." *State v. Waulke,* 4th Dist. Ross No.

15CA3051, 2016-Ohio-5018, at ¶ 6, quoting *State v. Pippen,* 4th Dist. Scioto

No. 14CA3595, 2014–Ohio–4454, ¶ 10, quoting *State v. Eldridge,* 4th Dist.

Scioto No. 13CA3584, 2014–Ohio–2250, ¶ 5; *State v. Sanders*, 4th Dist.

Pickaway No. 13CA29, 2014–Ohio–2521, ¶ 6; citing *State v. Lett,* 7th Dist.

Mahoning No. 09MA131, 2010–Ohio–3167, ¶ 15; *State v. Schlee,* 117 Ohio

St.3d 153, 2008–Ohio–545, 882 N.E.2d 431, ¶ 12.  Petitions for post-

conviction relief typically raise constitutional challenges to convictions and

sentences.  We consider Appellant's "Motion to Set Aside Judgment and

Plea" to be a petition for post-conviction relief, pursuant to R.C. 2953.21.

{¶9} The post-conviction relief process is a collateral civil attack on a criminal judgment rather than an appeal of the judgment. *State v. Betts,* 4th Dist. Vinton No. 18CA710, 2018-Ohio-2720, at ¶ 11; *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999). Post-conviction relief is not a constitutional right; instead, it is a narrow remedy that gives the petitioner no more rights than those granted by statute. *Id.* It is a means to resolve constitutional claims that cannot be addressed on direct appeal because the evidence supporting the claims is not contained in the record. *State v. McDougald*, 4th Dist. Scioto No. 16CA3736, 2016-Ohio-5080, ¶ 19-20, citing *State v. Knauff,* 4th Dist. Adams No. 13CA976, 2014–Ohio–308, ¶ 18.

{¶10} "[A] trial court's decision granting or denying a post-conviction relief petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for post-conviction relief that is supported by competent and credible evidence." *Betts, supra*, at ¶ 12, quoting *State v. Gondor,* 112 Ohio St.3d 377, 2006–Ohio–6679, 860 N.E.2d 77, ¶ 58. A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. *In re H.V.,* 138 Ohio St.3d 408, 2014–Ohio–812, 7 N.E.3d 1173, ¶ 8. We are mindful, however, that no court has the authority, within its discretion, to commit an error of law. *State v. Landrum,* 4th Dist. Ross

No. 17CA3607, 2018-Ohio-1280, at ¶ 10; *State v. Boone,* 2017-Ohio-843, 85 N.E.3d 1227, (10th Dist.), ¶ 9, citing *State v. Moncrief,* 10th Dist. No. 13AP-391, 2013-Ohio-4571, ¶ 7. *See also 2–J Supply Co. Inc. V. Garrett & Parker, LLC,* 4th Dist. Highland No. 13CA29, 2015-Ohio-2757, ¶ 9.

## B. LEGAL ANALYSIS

### ASSIGNMENT OF ERROR ONE

{¶11} Appellant essentially asserts that his plea was not voluntarily made because he pleaded guilty to two counts of murder and was also sentenced on the counts while under the influence of state-prescribed medications and with the assistance of counsel. When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of these points renders enforcement of the plea unconstitutional under both the United States and Ohio Constitutions. *State v. Cremeans,* 4th Dist. Meigs No. 17CA6, 2018-Ohio-537, at ¶ 13. *See State v. Barker,* 129 Ohio St.3d 472, 2011–Ohio–4130, 953 N.E.2d 826, ¶ 9; *State v. Lamb,* 4th Dist. Highland No. 14CA3, 2014–Ohio–2960, ¶ 12.

{¶12} The State of Ohio responds that the record does not support Appellant's assertion that his plea was tainted or involuntary in any aspect. The State directs us to the December 12, 2008 plea hearing and asserts that the trial court strictly complied with Criminal Rule 11(C) in accepting

defendant's guilty plea. "Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest." *State v. Moore,* 4th Dist. Adams No. 13CA965, at ¶ 14, quoting *State v. Veney,* 120 Ohio St. 3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at ¶ 8.

{¶13} However, we need not consider Appellant's argument herein because res judicata applies to proceedings involving post-conviction relief. *Betts, supra,* at ¶14, citing *State v. Black,* 4th Dist. Ross No. 15CA3509, 2016-Ohio-3104 at ¶ 10, citing *State v. Szefcyk,* 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996). "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. "Therefore, 'any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings.' " *Black* at ¶ 10, citing *State v. Segines,* 8th Dist. Cuyahoga No. 99789, 2013–Ohio–5259, ¶ 8, quoting *State v. Saxon,* 109 Ohio St.3d 176, 2006–Ohio–1245, 846 N.E.2d 824, ¶ 16.

{¶14} If we were to consider Appellant's argument hereunder, we would find no merit.  The record reveals that at Appellant's plea hearing, the trial court specifically asked Appellant if he was under the influence of alcohol, or drugs, or prescription medication, or any illegal substances that would cause him to be confused in any way about the nature of the proceedings, and Appellant answered "No."  The transcript also reveals the trial court continued a lengthy colloquy with Appellant about the constitutional rights he would be waiving by entering a guilty plea and included advisement of the mandatory maximum penalties of fifteen years to life incarceration.

{¶15} For the foregoing reasons, we find no merit to Appellant's first assignment of error.  As such, it is hereby overruled.

ASSIGNMENT OF ERROR TWO

{¶16} Appellant also asserts that the trial court erred when it imposed post-release control on his sentences to unclassified felonies.  The State of Ohio concedes that the imposition of post-release control was incorrect in this case because "an individual sentenced for aggravated murder * * * is not subject to post-release control because that crime is an unclassified felony to which the post-release control statute does not apply." R.C. 2967.28; *State v. Clark,* 119 Ohio St. 3d 239, 2008-Ohio-3748, at ¶ 36.  However, the State

points out Appellant is raising the issue of post-release control for the first time in this appeal. The State asserts that one cannot raise new issues or legal theories for the first time on appeal as they are now barred by res judicata. We have considered the issue Appellant raises in *State v. Lofton,* 4th Dist. Pickaway No. 11CA16, 2012-Ohio-2274, and in *Moore, supra.*

{¶17} We observed in *Lofton* that in order to resolve the appeal, we were required to interpret and apply the statutes related to post-release control and parole and thus, our review was de novo. *Id.* at ¶ 6. *See State v. Jenkins,* 4th Dist. Scioto No. 10CA2289, 2011-Ohio-6924, at ¶ 9. We noted at ¶ 8:

> "* * * Lofton was convicted of murder, "which is an unclassified felony to which the post-release control statute does not apply." *State v. Silguero,* 10th Dist. No. 11 AP–274, 2011–Ohio–6293, ¶ 8, citing *State v. Clark, 119* Ohio St.3d 239, 2008–Ohio3748, 893 N.E.2d 462, ¶ 36; *State v. Gripper,* 10th Dist. No. 10AP–1186, 2011–Ohio3656, ¶ 10. "Instead of post-release control, when an offender convicted of an unclassified felony is released from prison he or she is subject to parole." *State v. Evans,* 8th Dist. No. 95692, 2011–Ohio–2153, ¶ 7, citing *Clark* at ¶ 36; R.C. 2967.13(A)(1). Therefore, the trial court erred when it imposed post-release control. See *Silguero* at ¶ 8. This error does not, however, entitle Lofton to a de novo sentencing hearing."

{¶18} The *Lofton* court also applied the reasoning of the Tenth Appellate District's decision in *Silguero* at ¶ 9.

> "In the case sub judice, the trial court included post-release control language in appellant's sentence even though appellant

was convicted of murder, an unclassified felony. Pursuant to [*State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio6238, 942 N.E.2d 332], and also *Evans* and [*State v. Lawrence,* 2nd Dist. No. 24513, 2011–Ohio–5813], it is clear that this does not render appellant's entire sentence void, nor does it require a de novo sentencing hearing. *Silguero* at ¶ 16."

{**¶19**} In *Lofton,* we also recognized the *Fischer* court's holding that when post-release control is not properly imposed only the post-release control part of the sentence is void, not the entire sentence." *Lofton,* at ¶ 10, quoting *Evans,* at ¶ 10.  In *Lofton*, we found the proper remedy is "to remand the matter for the trial court to correct the sentencing entry to eliminate the post-release control language." *Id.* quoting *Evans* at ¶ 9. *See also Moore, supra,* at ¶ 27.

{**¶20**} Accordingly, we find that the trial court erred by imposing post-release control as part of Appellant's sentence.  Therefore, we affirm, in part, the trial court's August 9, 2018 judgment entry.  However, we also remand this matter and instruct the trial court to correct the December 19, 2008 Judgment Entry on sentencing in accordance with this opinion.

**JUDGMENT AFFIRMED, IN PART, AND CAUSE REMANDED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED, IN PART, AND CAUSE REMANDED.  Costs shall be divided between Appellant and Appellee.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & Hess, J.:  Concur in Judgment and Opinion.

For the Court,

BY: _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**