[Cite as *Taylor v. Taylor*, 2013-Ohio-4958.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CASSANDRA L.TAYLOR | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2013CA00130 |
| | : | |
| ANDREW P. TAYLOR | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
                             Common Pleas, Family Court Division,
                             Case No. 2012 DR 00589


JUDGMENT:                    AFFIRMED


DATE OF JUDGMENT ENTRY:      November 4, 2013


APPEARANCES:

For Plaintiff-Appellant:              For Defendant-Appellee:

KRISTINA M. HARLESS                   MICHAEL A. BOSKE
DAY KETTERER LTD.                     BOSKE LAW OFFICE
200 Market Ave. North                 122 Central Plaza North
P.O. Box 24213                        Canton, OH 44702
Canton, OH 44701-0173

*Delaney, J.*

{¶1} Appellant Cassandra Taylor ("Wife") appeals from the June 4, 2013 decision of the Stark County Court of Common Pleas, Family Court Division. Appellee is Andrew Taylor ("Husband").

**FACTS AND PROCEDURAL HISTORY**

{¶2} Husband and Wife were married on November 8, 2003, and no children were born of the marriage. At the time of their divorce, the parties were married for approximately nine years and three months.

*Wife's Employment, Expenses, and Health Issues*

{¶3} Wife is employed at Office Max and her regular rate of pay is $17.91 per hour. Her gross earnings in 2012 were approximately $28,810; in 2011, her gross earnings were approximately $42,087, including a "significant" bonus of $8,019. In 2010, Wife's gross earnings were $32,178, and in 2009 her gross earnings were $35,361. Wife's financial affidavit indicates the amount of her bonuses varies; Wife testified her past bonuses have been less than $2000, but received a bonus of $3600 in 2009 per her financial affidavit. Her 2010 bonus was $1250.

{¶4} Wife's biweekly paychecks indicate approximately $300 is taken out for taxes. Her claimed monthly expenses include: $650 for rent, $130 for satellite and cable, $300 for groceries, $150 for restaurants, $164 for vehicle payment, $300 for gasoline, $50 for clothing, $100 for phone service, $100 for auto insurance, and $65 for prescription medications. Wife further indicates monthly expenses of $20 for hair and nail care, $50 for entertainment, and $8 for memberships. Wife testified to outstanding medical bills arising from unreimbursed medical expenses and prescriptions totaling

approximately $1,779. Additionally, Wife is paying a student loan and her wages are garnished in connection with a tax debt. Wife testified she is $800 or $900 in the negative each month because her expenses exceed her income.

{¶5} Rent constitutes a significant portion of Wife's claimed expenses. At trial, Wife testified on cross examination she presently lives with her boyfriend in a home owned by her boyfriend's mother. She stated she pays the mother $650 per month in rent, although her boyfriend sometimes helps with the rent. No checks or receipts were presented.

{¶6} Wife was on temporary disability for eight weeks due to wrist surgery and has now returned to work. She suffers from a degenerative disease in her spine and diabetes.

*Husband's Disability*

{¶7} Husband is a former police officer and firefighter with Lawrence Township and was diagnosed with multiple sclerosis in May 2012; he is no longer employed as a result of his illness. Husband has been granted a PERS disability pension; his gross monthly income is $864, from which $407 is deducted for medical insurance, $2 for vision, $17 for dental, and $10 for taxes. Husband therefore testified he lives on $428 per month from his disability pension. He presently lives in the basement of his mother's residence.

*The Trial Court Sustains Husband's Objections*

{¶8} Wife filed a complaint for divorce on May 14, 2012, along with a financial affidavit, and Husband responded with an Answer, Counterclaim, and financial affidavit.

The parties were able to resolve all issues except spousal support, therefore a trial was held on January 28, 2013 and the magistrate's decision was filed on January 29, 2013.

{¶9}  Husband objected to the magistrate's decision and a hearing on the objection was held.  The trial court sustained the objection on April 24, 2013, and a final Decree of Divorce was granted on June 4, 2013.  Pursuant to the final decree, Wife is ordered to pay Husband spousal support in the amount of $830 per month for 27 months.

{¶10} Wife now appeals from the decision of the trial court.

{¶11} This case comes to us on the accelerated calendar.  App.R. 11.1 governs accelerated-calendar cases and states in pertinent part:

> (E)  Determination and judgment on appeal.
>
> The appeal will be determined as provided by App.R. 11.1.
>
> It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
>
> The decision may be by judgment entry in which case it will not be published in any form.

{¶12} One of the most important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated.  *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶13} This case will be reviewed according to these tenets.

{¶14} Wife raises three assignments of error:

**ASSIGNMENTS OF ERROR**

{¶15} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION TO THE PREJUDICE OF PLAINTIFF, WIFE, IN AWARDING SPOUSAL SUPPORT OF $830.00 PER MONTH TO DEFENDANT, HUSBAND, WHERE PLAINTIFF, WIFE, EARNS A NET MONTHLY INCOME OF $2,500 WITH DOCUMENTED EXPENSES OF $3,700 PER MONTH WHILE DEFENDANT, HUSBAND, RECEIVES A NET MONTHLY DISABILITY INCOME OF $1,228, BUT HAS DOCUMENTED MONTHLY EXPENSES OF ONLY $869."

{¶16} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION TO THE PREJUDICE OF PLAINTIFF, WIFE, BY ESTABLISHING SPOUSAL SUPPORT FOR DEFENDANT, HUSBAND, WITHOUT CONSIDERING ALL OF THE FACTORS SET FORTH IN R.C. 3105.18(C)(1)(a)-(n), AND ALL MATTERS RELEVANT IN ESTABLISHING THE AMOUNT OF ANY SPOUSAL SUPPORT IN THIS MATTER."

{¶17} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION TO THE PREJUDICE OF THE PLAINTIFF, WIFE, BY DETERMINING THAT SHE HAD THE ABILITY TO EARN $42,000 PER YEAR, AND ESTABLISHING SPOUSAL SUPPORT BASED UPON THIS LEVEL OF INCOME."

**ANALYSIS**

{¶18} Wife's three assignments of error arise from her assertion the trial court abused its discretion in awarding spousal support of $830 per month to Husband and will be considered together.  For the following reasons, we find the trial court's award of spousal support is not arbitrary, unreasonable, or unconscionable.

{¶19} A trial court's decision concerning spousal support may be altered only if it constitutes an abuse of discretion. *Kunkle v. Kunkle,* 51 Ohio St.3d 64, 67, 554 N.E.2d 83 (1990). An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St .3d 217, 450 N.E.2d 1140 (1983).

{¶20} R.C. 3105.18(C)(1)(a) through (n) sets forth the factors a trial court is to consider in determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, terms of payment, and duration of spousal support:

> (C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
>
> (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
>
> (b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted

from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and

equitable.

{¶21} Trial courts must consider all the factors listed in R.C. 3105.18(C). Wife argues the trial court did not sufficiently explain its rejection of the magistrate's determination of her earning ability.  However, this Court has previously held that a trial court need not acknowledge all evidence relative to each and every factor listed in R.C. 3105.18(C), and we may not assume that the evidence was not considered. *Hutta v. Hutta,* 177 Ohio App.3d 414, 2008–Ohio–3756, 894 N.E.2d 1282, ¶ 27 (5th Dist.), citing *Clendening v. Clendening,* 5th Dist. Stark No.2005CA00086, 2005–Ohio–6298, ¶ 16, citing *Barron v. Barron,* 5th Dist. Stark No.2002CA00239, 2003–Ohio–649. The trial court need set forth only sufficient detail to enable a reviewing court to determine the appropriateness of the award. *Id.,* citing *Kaechele v. Kaechele,* 35 Ohio St.3d 93, 518 N.E.2d 1197 (1988).

{¶22} As an initial matter, we find the trial court's decision includes sufficient information regarding the factors to enable us to assess whether the award is fair, equitable, and in accordance with the law.  We note that an award of spousal support will be reversed on appeal only if an abuse of discretion is shown. *Bechtol v. Bechtol*, 49 Ohio St.3d 21, 24, 550 N.E.2d 178 (1990). A reviewing court may not substitute its judgment for that of the trial court unless, considering the totality of circumstances, the trial court abused its discretion. *Holcomb v. Holcomb*, 44 Ohio St.3d 128, 131, 541 N.E.2d 597 (1989).  Based on the record before us, some of Wife's most significant

claimed expenses, particularly rent, are unsupported estimates which the trial court was free to accept or reject.

{¶23} Wife further argues the trial court's award of spousal support will result in "negative cash flow" and argues the award must be reversed on the basis of our decision in *Asher v. Asher*, 5th Dist. Holmes No. 00CA001, 2000 WL 873639 (Jun. 5, 2000). *Asher* is distinguishable from the instant case, however, because our decision in that case was premised upon an unreasonably high award, not simply the fact that spousal support created a negative cash flow for one of the parties. In this case, Wife has demonstrated earning ability in excess of her claimed expenses. The trial court reasonably found Wife's reduced income in 2012 was a non-recurring event based upon a temporary disability that does not affect her future earning capability. Based upon the record, we cannot find the trial court abused its discretion in reaching these conclusions.

{¶24} Upon review of the decision, we find the award was fair, equitable, and in accordance with the law despite the trial court's reliance upon what Wife characterizes as an "uncharacteristically high year." Upon the evidence presented in the record, we can find no abuse of the trial court's discretion in determining the spousal support award.

{¶25} We have reviewed the record and find that the trial court considered the factors listed in R.C. 3105.18(C) and did not abuse its discretion in determining spousal support. Appellant's three assignments of error are therefore overruled.

## CONCLUSION

{¶26} For the foregoing reasons, the judgment of the Stark County Court of Common Pleas, Family Court Division, is affirmed.

By: Delaney, J. and

Wise, P.J.

Baldwin, J., concur.

HON. PATRICIA A. DELANEY

HON. JOHN W. WISE

HON. CRAIG R. BALDWIN