[Cite as *Daniels v. Daniels*, 2017-Ohio-6976.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| VIVIAN L. DANIELS | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellant | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2017-0002 |
| ROBIN A. DANIELS | : |  |
|  | : |  |
| Defendant-Appellee | : | OPINION |

CHARACTER OF PROCEEDING:    Civil appeal from the Muskingum County
Court of Common Pleas,Domestic
Relations Division, Case No. DB 2016-0422

JUDGMENT:                Affirmed

DATE OF JUDGMENT ENTRY:    July 24, 2017

APPEARANCES:

For Plaintiff-Appellant            For Defendant-Appellee

STEPHANIE CHURCH            D. SCOTT RANKIN
139 West Eighth Street            45 N. Fourth Street
Box 640                  Zanesville, OH 43701
Cambridge, OH 43725

*Gwin, P.J.*

**{¶1}** Appellant appeals the December 6, 2016 and December 27, 2016 judgment entries of the Muskingum Court of Common Pleas, Domestic Relations Division.

*Facts & Procedural History*

**{¶2}** Appellant Vivian Daniels and appellee Robin Daniels were married on August 6, 1976. On May 17, 2016, appellant filed a complaint for divorce. The parties agreed on all issues except spousal support. Thus, on November 10, 2016, the trial court held a hearing as to the issue of spousal support.

**{¶3}** Appellant testified that she is currently sixty-one years old. Appellant stated that as part of the property division, she agreed to pay appellee $37,500 as his share of the equity in the real estate because she remains in the marital home. Appellant paid this amount from a $40,000 inheritance from her father. Appellant is a LPN and takes home $1,083.69 every two weeks. Appellant testified she agreed to divide her retirement account equally with appellee.

**{¶4}** Appellant testified as to Exhibit 1, her current monthly expenses. Included in this amount is a monthly payment for a credit card she agreed to pay as part of the property division with appellee. Appellant stated her monthly expenses are higher than her income per month.

**{¶5}** Appellee testified he earns $1,651 per month in income from disability. Appellee stated he has been on disability as a result of a truck accident in 2003 when he sustained a brain injury. Appellee testified he is going to receive $37,500 in a property settlement from appellant for his share of the equity in the marital home. Further, appellee stated appellant is going to pay a Capital One credit card and they agreed to split

appellant's retirement account.  Appellee detailed his expenses and testified he is living in a studio apartment.

**{¶6}**    The trial court issued a judgment entry on December 6, 2016 regarding spousal support.  The trial court found the parties agreed to a division of assets and debts. The trial court noted appellant is 61 years old and appellee is 64 years old.  Appellant is a LPN earning $21.18 per hour and there was no evidence she was unhealthy or had any disabilities.  Appellee was involved in a truck accident resulting in a physical disability and thus the trial court found appellee has limited earning ability.  Appellee's income is from Social Security Disability and is $1,651 per month.  The trial court found appellee had no retirement account and the parties agreed appellant's retirement account would be equally divided.

**{¶7}**    The trial court found that though specific evidence was not presented by either party, a review of the marital balance sheets of each party reveal the parties enjoyed a modest but comfortable lifestyle during the marriage.  The trial court specifically stated it "reviewed the parties' martial balance sheets and stipulations and agreements with regard to the division of debts and assets."

**{¶8}**    The trial court concluded that, after considering the factors listed in R.C. 3105.18, it was reasonable for appellant to pay appellee $400 per month in spousal support.  The trial court retained jurisdiction over the amount and duration of the spousal support and stated the retirement of appellant at her full retirement age will be considered sufficient change of circumstances for the court to consider modification.

**{¶9}**    The trial court issued a judgment entry and decree of divorce on December 27, 2016.

{¶10}  Appellant appeals the judgment entries of the Muskingum County Court of Common Pleas, Domestic Relations Division, and assigns the following as error:

{¶11}  "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN ORDERING SPOUSAL SUPPORT PAYABLE BY THE APPELLANT TO APPELLEE.

{¶12}  "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ORDERING APPELLANT TO PAY SPOUSAL SUPPORT TO THE APPELLEE IN AN AMOUNT THAT WOULD CREATE A GREATER NET MONTHLY INCOME FOR APPELLEE THAN APPELLANT.

{¶13}  "III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO CONSIDER THE OTHER ASSETS OF THE PARTIES AND PROPERTY SETTLEMENT AMOUNTS AND OBLIGATIONS WHEN ORDERING APPELLANT TO PAY SPOUSAL SUPPORT TO APPELLEE."

I., II.,III.

{¶14}  In her assignments of error, appellant contends the trial court abused its discretion in granting spousal support to appellee.

{¶15}  A trial court's decision concerning spousal support may be altered only if it constitutes an abuse of discretion.  *Kunkle v. Kunkle*, 51 Ohio St.3d 64, 554 N.E.2d 83 (1990).  An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).  R.C. 3105.18(C)(1) provides that a trial court may award spousal support when it is "appropriate and reasonable."  R.C. 3105.18(C)(1) sets forth the factors a trial court must consider when determining whether

spousal support is appropriate and reasonable and in determining the nature, amount, terms of payment, and duration of spousal support.

{¶16} These factors include: (a) income of the parties, from all sources * * *; (b) the relative earning abilities of the parties; (c) the ages and the physical, mental, and emotional conditions of the parties; (d) the retirement benefits of the parties; (e) the duration of the marriage; * * * (g) the standard of living the parties established during the marriage; (h) the relative extent of education of the parties; (i) the relative assets and liabilities of the parties; (j) the contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party; * * *(l) the tax consequences, for each party, of an award of spousal support; (m) the lost income production capacity of either party that resulted from that party's marital responsibilities; and (n) any other factor that the court expressly finds to be relevant and equitable.

{¶17} Trial courts must consider all the relevant factors listed in R.C. 3105.18(C). However, a trial court need not acknowledge all evidence relative to each and every factor listed in R.C. 3105.18(C) and we may not assume that the evidence was not considered. *Hutta v. Hutta*, 177 Ohio App.3d 414, 2008-Ohio-3756, 894 N.E.2d 1282 (5th Dist.). The trial court need only set forth sufficient detail to enable a reviewing court to determine the appropriateness of the award. *Id.*, citing *Kaechele v. Kaechele*, 35 Ohio St.3d 93, 518 N.E.2d 1197 (1988).

{¶18} Appellant argues the trial court erred in awarding spousal support because her monthly net income will be a deficit. However, simply because spousal support creates a negative cash flow for one of the parties does not necessarily lead to a finding

of an abuse of discretion. *Compton v. Compton*, 5th Dist. Stark No. 2014CA00207, 2015-Ohio-4327; *Taylor v. Taylor*, 5th Dist. Stark No. 2013CA00130, 2013-Ohio-4958. Further, a trial court must consider all statutory factors when making a spousal support award and not base its determination upon any one factor taken in isolation. *Kaechele v. Kaechele*, 35 Ohio St.3d 93, 518 N.E.2d 1197 (1988). This is just one factor the trial court could consider in making the determination as to spousal support.

{¶19} In its judgment entry, the trial court specifically stated it considered all the relevant factors of R.C. 3105.18 in determining that spousal support is appropriate and reasonable. Upon review of the record, we find no abuse of discretion in the trial court's decision. The parties were married over forty years. While appellant is in good health, appellee is on disability due to a brain injury after a truck accident and has limited earning capacity. Appellant makes approximately $2,167.38 per month while appellee has a Social Security Disability income of $1,651 per month. Both parties were questioned on their monthly expenses. The trier of fact is vested with the authority to weigh the evidence and assess the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967). While appellant maintains a lifestyle similar to that during the marriage, appellee lives in a small studio apartment and testified to substantial amounts of uninsured medical expenses. Though appellant paid appellee $37,500 for his share of the equity in the marital home, she did not borrow the money because her father recently left her a $40,000 inheritance.

{¶20} In addition, the trial court retained jurisdiction over the issue of spousal support as to the amount and the duration should there be any change in circumstances of the parties. The trial court specifically found the retirement of appellant at her full

retirement age will be considered sufficient change of circumstances for the court to consider modification. Thus, should appellant retire at her full retirement age or should circumstances otherwise change, appellant can return to the trial court upon the proper motion. *Dodson v. Dodson*, 5th Dist. Stark No. 2001CA00327, 2002-Ohio-3091; *Elder v. Elder*, 5th Dist. Fairfield No. 2008-CA-74, 2009-Ohio-4868.

{¶21} Appellant contends the trial court did not properly take into account the other assets of the parties and property settlement amounts and obligations when ordering spousal support. We disagree. The trial court stated it considered the factors contained in R.C. 3105.18(C). In the judgment entry, the trial court specifically stated it "reviewed the parties' martial balance sheets and stipulations and agreements with regard to the division of debts and assets." The property settlement and other obligations of the parties are contained within these documents. Further, the trial court specifically noted the parties agreed to equally divide appellant's retirement account. Additionally, both parties testified about the $37,500 appellant paid to appellee for his share in the marital home and the Capital One credit card debt. Appellant testified the Capital One credit card debt is included in her monthly expense number provided to the trial court. Upon review of the record, we find the trial court adequately considered the other assets and obligations of the parties, including their balance sheets, stipulations, and agreements.

{¶22} In this case, it is clear from the record the trial court considered the factors enumerated in R.C. 3105.18 in determining whether spousal support and the amount of spousal support was appropriate and reasonable. Upon our review of the record, we find the trial court's determination is not an abuse of discretion.

{¶23} Based on the foregoing, appellant's assignments of error are overruled. The judgment entries of the Muskingum County Court of Common Pleas, Domestic Relations Division, are affirmed.

By Gwin, P.J.,

Wise, John, J., and

Baldwin, J., concur