[Cite as *Dingey v. Dingey*, 2020-Ohio-5340.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LORRAINE DINGEY | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| STEPHEN W. DINGEY | : | Case No. CT2020-0006 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. DB2018-0679

JUDGMENT: Affirmed

DATE OF JUDGMENT: November 18, 2020

APPEARANCES:

For Plaintiff-Appellee

JAMES R. KRISCHAK, ESQ.
320 Main Street
P.O. Box 190
Zanesville, OH 43702

For Defendant-Appellant

JOHN H. COUSINS IV
32 West Hoster Street
Suite 100
Columbus, OH 43215

*Wise, Earle, J.*

{¶ 1}  Defendant-Appellant, Stephen W. Dingey, appeals the December 26, 2019 decree of divorce issued by the Court of Common Pleas of Muskingum County, Ohio, Domestic Relations Division, on the issue of spousal support.  Plaintiff-Appellee is Lorraine Dingey.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}  The parties were married in 1994, divorced in 2003, and remarried in 2007.  On September 10, 2018, appellee filed a complaint for divorce.  The parties have two children that are emancipated adults.

{¶ 3}  A final hearing was held on September 19, 2019.  The sole issue was spousal support.  By judgment entry filed November 25, 2019, the trial court ordered appellant to pay appellee spousal support in the amount of $1,250 per month for four years.  A final decree of divorce reflecting this decision was filed on December 26, 2019.

{¶ 4}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 5}  "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY AWARDING AN UNREASONABLE AMOUNT AND DURATION OF SPOUSAL SUPPORT AFTER EXPRESSLY REFUSING TO CONSIDER APPELLANT'S ABILITY TO PAY AND APPELLANT'S COURT-ORDERED LIABILITIES."

II

{¶ 6} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY REFUSING TO CONSIDER THE $11,272 THAT LORRAINE RECEIVED IN NON-TAXABLE VEHICLE REIMBURSEMENT."

III

{¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION AND RULED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BY REFUSING TO ALLOW DIRECT PAYMENT OF SPOUSAL SUPPORT PURSUANT TO R.C. 3121.441."

{¶ 8} The assignments of error will be reviewed under the standards of abuse of discretion and manifest weight.

{¶ 9} In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 10} On review for manifest weight, the standard in a civil case is identical to the standard in a criminal case: a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury [or finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction [decision] must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). In *State v. Thompkins,* 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *Black's Law Dictionary* 1594 (6th Ed.1990), the Supreme Court of Ohio explained the following:

Weight of the evidence concerns "the inclination of the *greater amount of credible evidence,* offered in a trial, to support one side of the issue rather than the other.  It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its *effect in inducing belief.*"  (Emphasis sic.)

{¶ 11} In weighing the evidence, however, we are always mindful of the presumption in favor of the trial court's factual findings.  *Eastley v. Volkman,* 132 Ohio St .3d 328, 2012-Ohio-2179, 972 N.E.2d 517.

I

{¶ 12} In his first assignment of error, appellant claims the trial court erred and abused its discretion in the award of spousal support when it refused to consider his ability to pay.  We disagree.

{¶ 13} R.C. 3105.18 governs spousal support.  Subsection (C) states the following:

(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

{¶ 14} Appellant argues the trial court refused to consider his ability to pay. At the conclusion of the case, the trial court stated, "[n]either need nor ability to pay are specific factors. It only comes in under that other - - (INAUDIBLE) - - for whatever reason the legislature never thought that your ability to pay should be a factor in things * * *." T. at 155. In his appellate brief at 4, appellant acknowledges the factors under R.C. 3105.18(C) do not include the consideration of an obligor's ability to pay, but argues "it unambiguously requires consideration of these factors" by determining an award that is reasonable and for the sustenance and support of the obligee.

{¶ 15} Although the trial court correctly pointed out that the factors do not list need or ability to pay, the trial court noted those considerations "come in under that other - -." Unfortunately the remainder of the trial court's statement is inaudible, but we presume the trial court was referencing R.C. 3105.18(C)(1)(n), "[a]ny other factor that the court expressly finds to be relevant and equitable." We do not find that the trial court refused to consider appellant's ability to pay.

{¶ 16} The trial court ordered appellant to pay appellee spousal support in the amount of $1,250 per month for four years. The trial court determined the length of the

marriage to be twelve years and four months. It did not take into account the parties' first marriage of eight years.

{¶ 17} Appellant's gross pay is $86,700. T. at 122. His base salary for his position tops out at $90,000. T. at 125, 141-142. He nets approximately $4,700 a month and lists monthly expenses of approximately $4,000. T. at 20, 131. He has to add health insurance of about $260 to his monthly budget, but was unsure of the cost. T. at 150-151. He retained the marital residence, but could not provide an accurate figure as to his monthly mortgage because of a possible refinance. T. at 127-128, 131-132, 146. His current monthly mortgage was $610, but he estimated his new mortgage after refinancing would go up by $300. T. at 22-23. The stipulated value of the home is $203,000. T. at 140. He's receiving $255,732 in assets and assuming $139,521 of debt. T. at 40; Defendant's Exhibit 1. One hundred thousand dollars of that debt is the remaining mortgage on the home. *Id.*

{¶ 18} Appellee's gross pay is $59,669 which includes $13,300 for a vehicle maintenance allowance. T. at 55-56, 69. She nets approximately $4,300 a month and lists monthly expenses of approximately $6,000 which includes her vehicle maintenance expenses. T. at 65, 70. Her expenses include an estimated mortgage payment and related costs on a "relatively conservative" home ($144,900) until she's able to actually purchase a home of her own. T. at 57-60. She was currently sleeping on the couch of her mother's home. T. at 57-58. Appellant will pay appellee $32,700 for her nonmarital interest in the marital home which she hopes to use as a down payment. T. at 45, 86. She will not receive any other direct cash from the property settlement. *Id.* She's receiving $97,513 in assets and assuming $51,608 of debt. T. at 45; Defendant's Exhibit 1.

{¶ 19} In his appellate brief at 7-8, appellant argues the trial court "imposed extreme financial hardship" on him to the exclusive benefit of appellee. He will have to operate at a net monthly deficit [-$550: $4,700 (net pay) minus $4,000 (expenses) minus $1,250 (spousal support)].

{¶ 20} In *Daniels v. Daniels,* 5th Dist. Muskingum No. CT17-0002, 2017-Ohio-6976, ¶ 18, this court stated the following:

> Appellant argues the trial court erred in awarding spousal support because her monthly net income will be a deficit. However, simply because spousal support creates a negative cash flow for one of the parties does not necessarily lead to a finding of an abuse of discretion. *Compton v. Compton*, 5th Dist. Stark No. 2014CA00207, 2015-Ohio-4327; *Taylor v. Taylor*, 5th Dist. Stark No. 2013CA00130, 2013-Ohio-4958. Further, a trial court must consider all statutory factors when making a spousal support award and not base its determination upon any one factor taken in isolation. *Kaechele v. Kaechele*, 35 Ohio St.3d 93, 518 N.E.2d 1197 (1988). This is just one factor the trial court could consider in making the determination as to spousal support.

{¶ 21} Even receiving $1,250 a month in spousal support, appellee will also have to operate at a net monthly deficit [-$450: $4,300 (net pay) minus $6,000 (expenses) plus $1,250 (spousal support)]. Appellant is not contesting appellee's expenses.

{¶ 22} The parties voluntarily agreed to the property settlement. Appellant's asset to debt ratio is approximately 54% and appellee's is 53%.

{¶ 23} In the decree of divorce, the trial court specifically stated it considered all the relevant factors of R.C. 3105.18 in determining spousal support of $1,250 per month for four years to be reasonable and appropriate. Upon review of the record, we do not find an abuse of discretion by the trial court. The parties will both operate under a net monthly deficit in light of their respective monthly expenses. The trier of fact is vested with the authority to weigh the evidence and assess the credibility of the witnesses as the trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997). The trial court's award "represents an effort to equalize the parties' income and liabilities." *Compton v. Compton,* 5th Dist. Stark No. 2014CA00207, 2015-Ohio-4327, ¶ 20. While appellant will maintain a lifestyle similar to that during the marriage, appellee sleeps on a couch in her mother's home.

{¶ 24} In addition, we note the trial court retained jurisdiction over the amount and duration of spousal support should there be any change in circumstances of the parties.

{¶ 25} Upon review, we find the trial court did not err nor abuse its discretion in its award of spousal support to appellee.

{¶ 26} Assignment of Error I is denied.

II

{¶ 27} In his second assignment of error, appellant claims the trial court erred and abused its discretion in the award of spousal support when it refused to consider monies appellee received in non-taxable vehicle reimbursement. We disagree.

{¶ 28} In determining appellee's income, the trial court found the following in the decree of divorce:

The Court finds that Plaintiff is currently employed as a rural mail carrier with the U.S. Postal Service earning $46,326.00 per year plus an employee maintenance allowance for a total of approximately $59,600.00. The Court finds the maintenance allowance is utilized by Plaintiff to maintain her vehicle and supply fuel for that vehicle so she may carry out her duties as a rural mail carrier. Therefore, the Court finds Plaintiff's earning capacity to be $46,326.00 and finds that this represents her normal earnings ability.

{¶ 29} Appellant argues R.C. 3105.18(C)(1)(a) requires a trial court to consider "income of the parties from all sources." In his appellate brief at 9, appellant argues this includes non-taxable income such as the vehicle reimbursement as "[t]his is undeniably a benefit that warrants some consideration." "Although courts can debate how much weight it should receive, it is nevertheless arbitrary to exclude any consideration of the reimbursement from a spousal support calculation."

{¶ 30} Clearly the trial court did not exclude any consideration of the reimbursement. The trial court considered it and specifically found appellee used the maintenance allowance "to maintain her vehicle and supply fuel for that vehicle so she may carry out her duties as a rural mail carrier."

{¶ 31} Appellee testified she was a rural mail carrier and used her own vehicle to service her route. T. at 46, 49. She stated maintaining her vehicle "will exceed the

employee maintenance allowance" she receives of approximately $13,300.  T. at 51. She explained, "I've already reached almost 12,000 in those expenses and I expect to be purchasing tires - - it will be around a thousand dollars - - and also oil change and brakes, other maintenance expenses."  *Id.*  As of September, she had incurred $11,258.50 in expenses for vehicle maintenance and still had three months to go in the year.  T. at 52-55; Plaintiff's Exhibit D.  She delivers mail on rural roads that often are graveled, not blacktopped, and therefore her tires wear faster.  T. at 62-63.  She is on the road five days a week, seven hours a day, stopping and starting the whole way.  T. at 66.  She goes through two sets of tires a year.  T. at 91-92.

{¶ 32} The $13,300 amount for vehicle maintenance is a wash and does not even cover all of her expenses.  We note in our discussion of Assignment of Error I above, the $13,300 was included in appellee's overall salary, along with her monthly expenses which included her vehicle maintenance, plus her spousal support award, and she still will operate at a deficit.

{¶ 33} Upon review of the trial court's decision and the evidence presented, we find the trial court considered the monies appellee received in non-taxable vehicle reimbursement and did not err nor abuse its discretion in relation to its determination on spousal support.

{¶ 34} Assignment of Error II is denied.

III

{¶ 35} In his third assignment of error, appellant claims the trial court abused its discretion and ruled against the manifest weight of the evidence by refusing to allow direct payment of spousal support to appellee.  We disagree.

{¶ 36} In the divorce decree, the trial court ordered that the "spousal support payment, plus 2% processing charge shall be made to the Ohio Child Support Payment Central * * * as administered through the Muskingum County Child Support Enforcement Agency by income withholding at the party's place of employment."

{¶ 37} In his appellate brief at 10, appellant argues the trial court is subjecting him "to an unnecessary two-percent processing charge, when there was no evidence" that he would fail to comply with a direct payment order.

{¶ 38} R.C. 3121.441(A) provides in the event of a spousal support award, "the court *may* permit the obligor to make the spousal support payments directly to the obligee" instead of to the department of job and family services. (Emphasis added.) The decision is clearly discretionary. There is no case law to suggest that a trial court must conduct an analysis of an obligor's possible failure to comply with a direct payment order.

{¶ 39} Upon review, we do not find that the trial court abused its discretion in exercising its discretion under the statute. We do not find any manifest miscarriage of justice.

{¶ 40} Assignment of Error III is denied.

{¶ 41} The judgment of the Court of Common Pleas of Muskingum County, Ohio, Domestic Relations Division is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Wise, John, J. concur.


EEW/db