[Cite as *Kemmler v. Kemmler*, 2025-Ohio-4516.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
MERCER COUNTY

JAMES E. KEMMLER,

    PLAINTIFF-APPELLANT,

  v.

PEGGY A. KEMMLER,

    DEFENDANT-APPELLEE.

CASE NO. 10-25-06

OPINION AND
JUDGMENT ENTRY

Appeal from Mercer County Common Pleas Court
Domestic Relations Division
Trial Court No. 21-DIV-042

Judgment Reversed and Cause Remanded

Date of Decision:  September 29, 2025

APPEARANCES:

    *Brian A. Kruse* for Appellant

    *Jonathan A. Rich* for Appellee

**WILLAMOWSKI, J.**

{¶1} Plaintiff-appellant James E. Kemmler ("James") appeals the judgment of the Domestic Relations Division of the Mercer County Court of Common Pleas, arguing that the trial court erred in denying his motion to terminate a withholding order that applies to his spousal support obligation to Peggy A. Kemmler ("Peggy"). For the reasons set forth below, the judgment of the trial court is reversed.

*Facts and Procedural History*

{¶2} James and Peggy were married in 2002. On July 7, 2021, James filed a complaint for divorce. At this time, Peggy and James had one minor child. On January 27, 2023, the trial court issued a judgment entry of divorce in which James was ordered to pay child support in the amount of $8,000.00 a month. He was also ordered to pay spousal support in the amount "of Seventeen Thousand Dollars ($17,000.00) per month, plus 2% processing charge, for a term of sixty-three (63) months . . . ." (Doc. 185). The trial court reserved jurisdiction over the amount and duration of the spousal support award.

{¶3} On January 13, 2025, James filed a motion to terminate the withholding order ("motion to terminate") that required him to make spousal support payments through the child support enforcement agency ("CSEA") and to incur a two percent processing charge. Instead, he sought an order that would permit him to make spousal support payments directly to Peggy. In this motion, James pointed out that

he no longer had a child support obligation since his child had reached the age of majority. For this reason, he argued that paying a spousal support obligation through the CSEA was unnecessary and that CSEA's two percent processing fee was costing him $4,080.00 annually.

{¶4} On January 27, 2025, Peggy filed a brief in opposition to James's motion to terminate. On January 30, 2025, the trial court denied James's motion to terminate. The judgment entry stated that James had not offered "any valid reason" in support of his motion. (Doc. 384). For this reason, the judgment entry simply imposed its "common practice [of] . . . issu[ing] withholding orders for all child support and spousal support payments unless agreed to otherwise by both parties." (Doc. 384).

{¶5} James filed his notice of appeal on March 3, 2025. On appeal, he raises the following two assignments of error:

### First Assignment of Error

**The trial court erred in finding Husband agreed to withholding order for spousal support for the entirety of the spousal support term.**

### Second Assignment of Error

**The trial court abused its discretion by failing to find Husband provided a valid reason to terminate the withholding order.**

We will consider these two assignments of error in one analysis.

*First and Second Assignments of Error*

**{¶6}** James argues that the stated grounds for denying his motion to terminate were not reasonable and constituted an abuse of discretion.

*Legal Standard*

**{¶7}** R.C. 3121.441 addresses the direct payment of spousal support and reads, in its relevant part, as follows:

> (A) . . . . when a court pursuant to . . . [R.C.] 3105.18 . . . issues or modifies an order requiring an obligor to pay spousal support . . . ., or at any time after the issuance, granting, or modification of an order or decree of that type, the court may permit the obligor to make the spousal support payments directly to the obligee instead of to the office *if the obligee and the obligor have no minor children born as a result of their marriage* . . . .
>
> . . .
>
> (C) If a court permits an obligor to make spousal support payments directly to an obligee pursuant to division (A) of this section and the obligor is in default in making any spousal support payment to the obligee, the court, upon motion of the obligee or on its own motion, may rescind the permission granted under that division. . . . .

(Emphasis added). "[T]here is no requirement that the court 'conduct an analysis of an obligor's possible failure to comply with a direct payment order' before deciding whether to allow direct payments." *Salpietro v. Salpietro*, 2023-Ohio-169, ¶ 49 (6th Dist.), quoting *Dingey v. Dingey*, 2020-Ohio-5340, ¶ 38 (5th Dist.).

*Standard of Review*

**{¶8}** Where applicable, R.C. 3121.441(A) grants trial courts the discretion to permit or deny direct spousal support payments. *Dingey* at ¶ 38; *Allen v. Allen*,

2022-Ohio-3198, ¶ 83 (11th Dist.). For this reason, appellate courts review a decision about whether to permit direct spousal support payments under an abuse of discretion standard. *Salpietro* at ¶ 50.

*Legal Analysis*

{¶9} In this case, the trial court denied James's motion without a hearing on this matter. Thus, our only available insight into the trial court's reasoning is the content of its judgment entry denying the motion to terminate. As the first basis for denying the motion to terminate, the trial court stated that James and his attorney "agreed to said withholding of spousal support, including the processing charge, and acknowledged the same via their signatures on the January 27, 2023 Judgment Entry" of Divorce. (Doc. 384).

{¶10} On appeal, James asserts that this initial justification incorrectly relies upon characterizing his signature on the judgment entry of divorce as an agreement to make spousal support payments through the CSEA for the duration of his spousal support obligation. He points out that R.C. 3121.441(A) "permit[s] the obligor to make the spousal support payments directly to the obligee . . . *if* the obligee and obligor have no minor children . . . ." (Emphasis added).

{¶11} Based on this statutory language, James contends that the option to make direct payments, as provided for in R.C. 3121.441(A), was not available at the time of his divorce because he had a spousal support obligation and a child support obligation to his minor child. He argues that his signature on the judgment entry

-5-

simply acknowledged this legal reality.[1] After his child reached the age of majority and his child support obligation terminated, James sought to make direct spousal support payments to Peggy as permitted by R.C. 3121.441(A).

{¶12} The contents of the judgment entry of divorce do not suggest that, in signing this entry, James was agreeing to make payments through the CSEA for the duration of his spousal support obligation or was forfeiting his statutory right to seek the use of direct payments after he no longer had a minor child. Thus, the first basis given for denying James's motion is not substantiated by the record.

{¶13} As the second basis for denying the motion to terminate, the trial court stated that James "ha[d] not provided any valid reason" for terminating the withholding order. (Doc. 384). In the absence of a "valid reason," the trial court imposed the "common practice" of "issu[ing] withholding orders for all child support and spousal support payments unless agreed to otherwise by both parties." (Doc. 384). This language does not suggest that the content of James's motion to terminate or the specific circumstances of the parties to this case were fully considered before a decision was rendered.

{¶14} The basis of James's motion to terminate was the fact that he only had a spousal support obligation after his child was emancipated. Since he no longer had a child support obligation in addition to his spousal support obligation, James

---

[1] While we do not have transcripts of any of the proceedings that occurred before the trial court, James's motion to terminate represents the following: "spousal support was ordered to be paid by withholding due to there being a minor child at the time and child support being paid." (Doc. 376). *See also* Local Rule 20.02.

argued that the CSEA's involvement was no longer necessary. He also noted that the withholding order exacted a significant cost of $4,080.00 a year in processing fees. The reasons James offered in support of his request were not addressed in the judgment entry denying his motion to terminate.

{¶15} In opposing James's motion, Peggy's brief only asserted that he may treat the spousal support payments as "optional" if he is permitted to make direct payments. (Doc. 383). Initially, we note that R.C. 3121.441(C) addresses how to proceed if direct spousal support payments are permitted but not subsequently made. Further, James points out on appeal that he is current on his spousal support obligation. The arguments raised before the trial court and on appeal do not suggest that some appreciable benefit accrues to the parties in this case as the result of the significant expense of $4,080.00 that comes with processing these spousal support payments through the CSEA.

{¶16} In summary, the bases offered to support the denial of James's motion were not reasonable justifications. Since the unique facts of this case and the arguments in James's motion do not appear to have been examined in the process of reaching a decision, we conclude that the determination at issue constitutes an abuse of discretion. Thus, we reverse this decision and remand the case to the trial court for the purpose of allowing James's arguments to be fully considered. Accordingly, the first and second assignments of error are sustained.

Case No. 10-25-06

*Conclusion*

**{¶17}** Having found error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Domestic Relations Division of the Mercer County Court of Common Pleas is reversed. This cause of action is remanded for further proceedings consistent with this opinion.

***Judgment Reversed***
***And Cause Remanded***

**WALDICK, P.J. and MILLER, J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignments of error are sustained and it is the judgment and order of this Court that the judgment of the trial court is reversed with costs assessed to Appellee for which judgment is hereby rendered. The cause is hereby remanded to the trial court for further proceedings and for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

_____
John R. Willamowski, Judge


_____
Juergen A. Waldick, Judge


_____
Mark C. Miller, Judge

DATED:
/hls